IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUTH GARZA AND DAGOBERTO GARZA, <br><br> Plaintiffs, <br><br> v. <br><br> GEOVERA SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § | No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GeoVera Specialty Insurance Company ("GeoVera" or "Defendant") files this Notice of Removal to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1. On May 5, 2016, Plaintiffs Ruth Garza and Dagoberto Garza filed their Original Petition in the matter styled *Ruth Garza and Dagoberto Garza v. GeoVera Specialty Insurance Company*, Cause No. C-2041-16-J, in the 430th Judicial District Court of Hidalgo County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their home under a homeowner's insurance policy with GeoVera Specialty Insurance Company.

2. Plaintiffs served GeoVera with a copy of the Original Petition on or about August 15, 2016.

the laws of the State of California, with its principal place of business in Fairfield, California.

10. Because Plaintiffs are citizens of Texas and Defendant GeoVera is a citizen of California, complete diversity of citizenship exists among the parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

11. Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiffs' claim. Specifically, but without limitation, Plaintiffs allege that Defendant GeoVera breached insurance policy number GH70007525, with a Dwelling Limit of $214,000.00, an Other Structures Limit of $21,400.00, a Personal Property Limit of $107,000.00, and a Loss of Use Limit of $42,800.00, for the property located at 1606 Hester Ave., Donna, TX 78537-2914 (the property giving rise to the present dispute). *See* Exhibit "G," Nelson Declaration, attached hereto and fully incorporated herein by reference.

12. Additionally, in determining the amount in controversy, the Court may consider policy limits, penalties, statutory damages, and punitive damages. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also, Ray v. State Farm Lloyds*, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiffs' case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F.Supp.2d 666, 668 (S.D. Tex 1999) (considering DTPA claims and the potential recovery of punitive damages as part of the amount in controversy). "Attorney's fees must be included in the calculation of the amount in controversy if the plaintiff would be able to recover them under a state statute ...." *Gilman v. Arthur J. Gallagher & Co.*, No. H-09-2366, 2009 WL 5195956 at *10 (S.D. Tex. Dec. 21, 2009); *Consumer Credit Counseling Serv. of Greater San*

*Antonio v. OneBeacon Lloyd's of Texas*, No. SA-06-CA-307, 2006 WL 2728906 at *3 (W.D. Tex. Aug. 23, 2006) (considering attorney's fees in its analysis of the amount in controversy); *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200-02 (1933) (finding attorney's fees should be considered as part of the amount in controversy for purposes of federal diversity). Pre-suit demand letters are also evidence of the jurisdictional amount in controversy. *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

13. Here, Plaintiffs' Original Petition alleges that Defendant is liable under various statutory and common law causes of action for actual damages, consequential damages, statutory penalties and interest, treble damages, exemplary damages, court costs, and attorney's fees. Plaintiff did not attach any stipulation as to the amount in controversy. As such, Plaintiffs' alleged damages greatly exceed $75,000.00.

## Conclusion and Prayer

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Rhonda J. Thompson*
Rhonda J. Thompson, Attorney-In-Charge
State Bar No.: 24029862
Southern District No.: 17055
Adrienne H. Nelson, Of Counsel
State Bar No.: 24069867
Southern District No.: 2276091

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-mail:  rthompson@thompsoncoe.com
             anelson@thompsoncoe.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2016, a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the applicable Rules of Civil Procedure:

**Via Email and Certified Mail, RRR:**
R. Kent Livesay
Law Offices of R. Kent Livesay, P.C.
2510 S. Veterans Blvd.
Edinburg, TX  78539
Email: kent@livesaylawfirm.com
litigation@livesaylawfirm.com
*Counsel for Plaintiffs*

*/s/ Adrienne Nelson*
Adrienne Nelson