UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RUTH GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-548 |
| | § | |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

# ORDER

The Court now considers the motion to remand,[1] filed by Ruth Garza and Dagoberto Garza ("Plaintiffs"). Geovera Specialty Insurance Company ("Defendant") filed a response in opposition. After duly considering the motion and relevant authorities, the Court **GRANTS** the motion to remand.

### I.   Background

On May 5, 2016, Plaintiffs filed suit in state court against Defendant, alleging insurance-related causes of action from property damage resulting from a hailstorm.[2] Defendant was served with a copy of the original petition on or about August 15, 2016,[3] and filed its answer in state court on September 1, 2016.[4] Defendant thereafter removed the case to this Court on September 13, 2016, asserting subject matter jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446.[5]

---

[1] Dkt. No. 7.
[2] Dkt. No. 1-3.
[3] Dkt. No. 1, at p. 1.
[4] Dkt. No. 1-5.
[5] Dkt. No. 1.

On October 14, 2016, Plaintiffs filed the instant motion to remand, asserting that the requirements of diversity jurisdiction were not satisfied due to an insufficient amount in controversy.[6]

## II. Legal Standard

After removal, a plaintiff may move for remand and, if it appears that the district court lacks subject matter jurisdiction, "the case shall be remanded."[7] Removal statutes are construed "strictly against removal and for remand."[8] Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.[9] In cases where remand is requested on the ground that less than the jurisdictional amount is controverted, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[10] In cases involving the applicability of an insurance policy to a particular occurrence, the amount in controversy is determined by the value of the underlying claim, and not "the face amount of the policy [coverage]."[11]

The sum claimed by the plaintiff is his original petition will often control.[12] However, "[t]he face of the plaintiff's pleading will not control if made in bad faith."[13] A pleading is made in bad faith when the state procedural rules prohibit a plaintiff from pleading a specific amount in controversy, but the plaintiff does so anyway, in an amount sure to evade federal

---

[6] *Id.* at p. 2.
[7] 28 U.S.C. § 1447(c).
[8] *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).
[9] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).
[10] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citations omitted).
[11] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).
[12] *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).
[13] *Id.*

jurisdiction.[14] Texas Rule of Civil Procedure 47 currently prohibits plaintiffs from pleading a specific amount.[15]

### III. Discussion

The amount in controversy suggested by Plaintiffs in their original state court petition is not controlling because it was made in bad faith—simply to avoid federal jurisdiction. Texas Rule of Civil Procedure 47 prohibits a plaintiff from declaring a specific amount in controversy. Thus, Plaintiffs' statement that "PLAINTIFFS seek monetary relief of $75,000.00 or less"[16] is unavailing, and does not control the Court's analysis. However, the fact that the amount alleged by Plaintiffs is disregarded does not establish that the jurisdictional requirement has been met. Rather, the Court must look to Defendant to establish the amount.

Despite its efforts, Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant points out that the insurance policy in question provides more than $200,000 in coverage.[17] Beyond this, Defendant merely identifies language in Plaintiffs' petition suggesting expansive recovery: "past, present, and future costs of repair," "investigative and engineering fees," "mitigation [costs]," "reliance," "restitution," "costs of alternative housing while repairs are occurring," "consequential damages," "attorney's fees," "pre-judgment and post-judgment interest," "plus 18% per annum penalty."[18] Additionally, while Plaintiffs' use of the terms "knowingly" and "intentionally" suggests that they are seeking treble damages,[19] Defendant inaccurately quotes Plaintiffs' original petition in an attempt to bolster its claim that the amount in controversy is satisfied. Defendant quotes

---

[14] *De Aguilar*, 47 F.3d at 1410.
[15] Tex. R. Civ. P. 47.
[16] Dkt. No. 1-3, at p. 3.
[17] Dkt. No. 10, at ¶ 19.
[18] Dkt. No. 1-3, at pp 12–13.
[19] *Id.* at p. 6.

Plaintiffs as seeking treble damages,[20] even though they are not mentioned anywhere in the original complaint.

Ultimately, the Court does not consider the policy limits for purposes of determining the amount in controversy in this instance.[21] Moreover, Defendant has failed to submit a single piece of evidence (*e.g.*, a demand letter) suggesting the actual amount in controversy. Though Plaintiffs' petition suggests expansive recovery, nothing in the petition gives the Court a basis for estimating actual or other damages. For example, though it is clear Plaintiffs are seeking treble damages, it is not clear *what* is to be trebled. In short, Defendant has not carried its heavy burden of establishing this Court's jurisdiction because it failed to submit any cognizable evidence providing the Court with a baseline for estimating the amount in controversy.

### IV. Holding

Plaintiffs' remand motion is **GRANTED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of November, 2016.

_____
Micaela Alvarez
United States District Judge

---

[20] Dkt. No. 10, at ¶ 19.
[21] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).